IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

2006 JAN 17   AM 8: 27

A06CA034 SS

| | |
|---|---|
| PARAMDEEP DHODY, | CIVIL ACTION NO. _____ |
| Plaintiff, | |
| v. | **DEFENDANT'S NOTICE OF REMOVAL** |
| APPLIED BEHAVIORAL TECHNOLOGIES, INC. AND JOSEPH RIGGIO, | |
| Defendants. | |

DEFENDANTS, APPLIED BEHAVIORAL TECHNOLOGIES, INC. and JOSEPH RIGGIO

file this notice of removal under 28 U.S.C. §1446(a).

## A. Introduction

1.      PARAMDEEP   DHODY   is   the   Plaintiff.      APPLIED   BEHAVIORAL

TECHNOLOGIES, INC. and JOSEPH RIGGIO are all of the Defendants.

2.      On December 13, 2005, Plaintiff sued Defendants for breach of contract, deceptive

trade practices and other causes of action in the 126th Judicial District Court, Travis County, Texas.

3.      Both Defendants were served via the Texas Secretary of State. The Secretary of State

was served with the citations on December 16, 2006.  Under the Texas long-arm statute, the

Secretary of State is required to "immediately mail a copy of the process to the nonresident." The

Secretary of State did not mail the process until December 22, 2005, six days later.  Defendant

APPLIED BEHAVIORAL TECHNOLOGIES, INC. ("ABT") received the process on December 29,

2005 and Defendant JOSEPH RIGGIO ("RIGGIO") received it on January 5, 2006.  There is a

question under Texas law as to whether service is complete under these circumstances as of (1) the

day the Secretary of State receives the process or (2) the date the Secretary of State mails it to the

1

defendants.  Either way, this Notice of Removal is timely filed within 30 days of the date of service.

## B.  Basis for Removal

4.       Removal is proper because there is complete diversity between the parties.  28 U.S.C. §1332(a).

5.       Both at the time this suit was commenced and at the time of this removal, Plaintiff was/is a citizen either of the state of Texas or of the United Kingdom, a foreign state.  At the time of the events made the basis of Plaintiff's lawsuit, he was a citizen of the United Kingdom insofar as he resided in that country with the intent of maintaining his residency permanently.  He has since moved his residence to Texas, but it is unknown if he intends to remain here permanently.  If so, then his domicile has changed from that of the United Kingdom to Texas.  If not, then he remains domiciled in the United Kingdom.  Either way, he is not a citizen of the state of New Jersey.

6.       The Defendants are both citizens of the state of New Jersey.  Both at the time this suit was commenced and at the time of this removal, Defendant ABT was/is incorporated in New Jersey and had/has its principal place of business in that state.  Both at the time this suit was commenced and at the time of this removal Defendant Riggio was/is a citizen of New Jersey because New Jersey is the state where he resides and where he intends to maintain his residence permanently.

7.       Therefore, complete diversity exists because this is a lawsuit either between (1) citizens of different States, 28 U.S.C. §1332(a)(1) or (2) citizens of a State and citizens or subjects of a foreign state, 28 U.S.C. §1332(a)(2).

8.       The amount in controversy exceeds $75,000, exclusive of interest, costs, and attorney fees.  The lawsuit alleges that Defendants breached two approximately $40,000 Executive Leadership Development Agreements and a Loan Agreement.  The two Executive Leadership Development Agreements collectively exceed $75,000.  Moreover, the Loan Agreement alone was

for the principal sum of £300,000 (Great Britain Pounds), which Plaintiff alleges is the equivalent of approximately $580,000. This sum was loaned by Plaintiff to Defendant Joseph Riggio pursuant to the Loan Agreement, which was dated January 1, 2005. The Loan Agreement was to be repaid in a single installment on January 1, 2010. As a single-payment loan, none of the principal has yet matured or been paid, and the entire amount therefore is in controversy in this lawsuit.

9.      Plaintiff seeks the return of these amounts, plus other unspecified consequential, special and exemplary damages under various contract, statutory and common-law causes of action.

10.     28 U.S.C. §1441(a) provides for the removal of this suit since it is a case over which the district courts of the United States have original jurisdiction due to the diversity of citizenship referenced above.

11.     Both of the Defendants to this lawsuit have been served with summons, consent to the removal of this case to federal court, and join in this removal notice.

12.     All pleadings, process, orders, and all other filings in the state court action are attached to this notice as required by 28 U.S.C. §1446(a).

13.     Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place in which the removed action has been pending. However, Defendants anticipate filing an objection to this court's jurisdiction over their persons and/or a motion to transfer venue for forum *non conveniens*.

14.     Defendants will file promptly a copy of this notice of removal with the clerk of the state court in which the action has been pending.

### C. Jury Demand

15.     Plaintiff did not demand a jury in the state court action.

### D. Conclusion

3

10.    Wherefore, Defendants hereby give notice of the removal of this cause to the Untied States District Court, Western District of Texas.

Respectfully submitted,

*[signature]*

EDWARD P. WATT
Texas State Bar No. 20976500
WATT LAW FIRM, P.C.
141 Loop 64, Suite C
Dripping Springs, Texas 78620
Tel:  512-894-4404
Fax:  512-858-0770

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this document was served on the Plaintiff through his counsel of record, as follows:

*Via Facsimile (512) 472-0432 and*
*Certified Mail, Return Receipt Requested*
*7004 0750 0002 6040 6058*
David G. Slater
Slater & Kennon, LLP
4807 Spicewood Springs Road
Building 2, Suite 240
Austin, Texas  78759

on this 17th day of January, 2005.

*[signature]*

Edward P. Watt

4

Case:D-1-GN-05-004409 with (7) documents

| Filed Date | Category | Description | Additional Info |
|---|---|---|---|
| 12/9/2005 | CV PETIT... | ORIGINAL PETITION/APPLICATION | PLAINTIFF'S ORIGINAL PETITION |
| 12/16/20... | CV SERV... | SERVICE OF PROCESS | EXECUTED SERVICE OF CITATION - JOSEPH RIGGIO |
| 12/16/20... | CV SERV... | SERVICE OF PROCESS | EXECUTED SERVICE OF CITATION - APPLIED BEHAVIORAL TECH. INC. |
| | | Judges Notes/Comments | |
| 1/5/2006 | CV SERV... | SERVICE OF PROCESS | SECRETARY OF STATE SERVICE CERTIFICATE WITH SERVICE - APPLIE D BEHAVIROAL TECHNOLOGIES, INC |
| 1/9/2006 | CV OTHE... | OTHER | CERTIFICATE OF LAST KNOWN ADDRESS |
| 1/9/2006 | CV ORDE... | ORDERS | DEFAULT JUDGMENT |

Scanned on DEC 12, 2005

DEC 13 2005

GN504409

CAUSE NO. _____ COURT

| | | |
|---|---|---|
| **PARAMDEEP DHODY**<br>**Plaintiff,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **V.** | § | **/2b JUDICIAL DISTRICT** |
| | § | |
| **APPLIED BEHAVIORAL TECHNOLOGIES,** | § | |
| **INC. AND JOSEPH RIGGIO,** | § | |
| **Defendants.** | § | **OF TRAVIS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, Paramdeep Dhody, (hereinafter called "Plaintiff"), complaining of

and about Applied Behavioral Technologies, Inc. (hereinafter referred to as "ABT") and

Joseph Riggio (hereinafter collectively referred to as "Defendants"), and for cause of

action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES

2.      Plaintiff, Paramdeep Dhody, is a Texas resident and has appeared by and

through his attorney of record, David G. Slater.

3.      Defendant ABT, a corporation, is a nonresident of the State of Texas.  Said

Defendant engages or has engaged in business in this State, but does not maintain a

regular place of business or a designated agent for service of process.  This lawsuit

arises out of business said defendant performs in this State and to which said Defendant

ABT is a party.  Therefore, under Section 17.044 of the Texas Civil Practice and

Remedies Code, substituted service on Defendant ABT should be made by serving the

1

Scanned on DEC 12, 2005

Secretary of State of Texas, Statutory Documents Section, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079, and forwarded to Defendant ABT's home or home office at P.O. Box 26, Ridgewood, NJ 07451.  Service of said Defendant as described above can be affected by certified mail, return receipt requested.

4.      Defendant Joseph Riggio, an individual, is a nonresident of the State of Texas.  Said Defendant engages or has engaged in business in this State, but does not maintain a regular place of business or a designated agent for service of process.  This lawsuit arises out of business said defendant performs in this State and to which said Defendant  Riggio is a party.  Therefore, under Section 17.044 of the Texas Civil Practice and Remedies Code, substituted service on Defendant ABT should be made by serving the Secretary of State of Texas, Statutory Documents Section, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079, and forwarded to Defendant Riggio's home or home office at 329 E Ridgewood Ave., Ridgewood, NJ 07450-3301.  Service of said Defendant as described above can be affected by certified mail, return receipt requested.

## JURISDICTION AND VENUE

5.      The subject matter in controversy is within the jurisdictional limits of this Court.

6.      This Court has personal jurisdiction over all Defendants, and each of them individually, in that said Defendants purposefully availed themselves of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and each of them, and the assumption of jurisdiction over the Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

2

Scanned on DEC 12. 2005

7.     Plaintiff would show that the Defendants, and each of them, had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendants.

8.     Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendants, and each of them, to the state of Texas, thereby conferring specific personal jurisdiction with respect to said Defendants, and each of them.

9.     Furthermore, Plaintiff would show that Defendants, and each of them, engaged in activities constituting business in the State of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendants, and each of them, contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in Texas, and said Defendants, and each of them, committed a tort in whole or in part in Texas.

10.     Venue in Travis County is proper in this cause under Section 15.002(a)(4) of the Texas Civil Practice and Remedies Code because neither defendant has a principal office or residence in Texas, and Travis County is the Plaintiff's county of residence.

**BACKGROUND**

11.     Defendant Riggio works by and through Defendant ABT providing mentoring and personal and professional developmental coaching services, whereby he makes certain representations concerning his ability to improve the quality of one's life in a variety of aspects.   His promotional methods and materials are geared toward establishing trust by his clients in both his judgment and his skills.   Of his many touted professional skills, he includes manipulation and creating certain affirmative beliefs in others.

3

Scanned on DEC 12, 2005

12.     On or about May 1, 2004, Plaintiff, Paramdeep Dhody, entered into an agreement with Defendants which promised and covenanted, *inter alia*, that Defendants would provide to Plaintiff Paramdeep Dhody certain mentoring, counseling, and educational services designed to enhance the quality of Plaintiff Paramdeep Dhody's personal and professional life, and in exchange, Plaintiff would pay to Defendants the sum of approximately $40,000 ("Paramdeep's Agreement"). The term of Paramdeep's Agreement would be for at least one year.  Paramdeep's Agreement was reduced to writing and executed, and funds were transferred to Defendants by Plaintiff. The written agreement terminated on May 31, 2005.  The relationship contemplated in Paramdeep's Agreement would require Defendants to act for Mr. Dhody and to give advice to him in all areas of his life.  In order to develop this relationship, Mr. Dhody would be required to place a special confidence in Defendants and, at times, substitute their judgment for his own.  Over time, and by and through the calculated design of Defendants, Defendants established an unusually close and personal relationship with Paramdeep grounded upon the claimed superior knowledge and understanding of Defendant Riggio.  This close and personal relationship was orchestrated by Defendants to place Paramdeep in a vulnerable position of dependence and subservience to the will and instructions of Defendant Riggio.  Moreover, said relationship was intentionally designed to operate as, and did operate, as a fiduciary relationship in which Defendants purported to act in the best interest of Mr. Dhody. The genesis of this fiduciary relationship was the mentoring contract entered into between the parties, however, over time, the fiduciary nature of the relationship was established by virtue of specific acts and   practices employed by Defendants to engender unwavering trust and confidence on the part of Mr. Dhody.

4

Scanned on DEC 12, 2005

Although Defendant Riggio repeatedly represented that he would act honestly and with a high degree of fidelity to Mr. Dhody, these representations were false and, in truth and in fact, Defendants betrayed the trust and confidence of Mr. Dhody and violated their fiduciary duty to him, to the harm and detriment of Plaintiff.

13.    On or about August 15, 2004, Plaintiff entered into an agreement with Defendants that provided, *inter alia*, that Defendants would provide to Keli Mathieu-Dhody certain mentoring, counseling, and educational services designed to enhance the quality of Plaintiff Keli Dhody's life, and in exchange, Plaintiff would pay to Defendants the sum of approximately $40,000 ("Keli's Agreement"). The term of Keli's Agreement would be for at least one year.  Keli's Agreement was reduced to writing and executed, and funds were transferred to Defendants by Plaintiff. The written agreement terminated on August 14, 2005. The relationship contemplated in Keli's Agreement would require Defendants to act for Keli and to give advice to her in all areas of her life.  In order to develop this relationship, Keli would be required to place a special confidence in Defendants and, at times, substitute their judgment for her own.

14.    In or about June of 2004, Defendants became aware of Plaintiff's substantial wealth, and Defendant Riggio suggested to Mr. Dhody that Mr. Dhody should give Defendant Riggio money to be invested in real estate. Defendant Riggio represented that he and his wife were successful real estate investors and that Plaintiff Dhody should trust Defendant Riggio to make investment decisions with Plaintiff Dhody's money.  More specifically, Defendant Riggio suggested that he take a substantial amount of funds from Plaintiff Dhody to invest as he saw fit, with no set time for repayment to Plaintiff Dhody, if at all, for purposes to include, but in no way limited by, real estate investment, investment

in Defendants' various ongoing enterprises, and new ventures of Defendants'.   At the same time, and acting in the guise of his professional, fiduciary capacity, Defendant Riggio was counseling Mr. Dhody to be more generous with his wealth and more trusting of others. This advice coincided with Defendant Riggio's request for funds and was echoed throughout Defendant Riggio's calculated scheme. This advice was part and parcel of a strategy aimed solely at extracting a large sum of money from Plaintiff.

15.    In or about August of 2004, Defendant Riggio made Plaintiff aware of an investment contract whereby he would be able to invest and obtain an interest in a venture Defendant Riggio called "Mountain NLP" through an investment contract. Defendant Riggio offered to sell to Plaintiff 24 ¾% of the interest in this investment and represented that he was the promoter of said investment. Defendant Riggio told Plaintiff that his involvement would be as a silent partner, relying on the expertise and skill of Defendant Riggio to obtain an return on his investment.  Mr. Dhody requested certain financial statements regarding this venture, however, Defendant Riggio failed and refused to provide them.

16.    In or about October of 2004, Defendant Riggio once again approached and solicited Plaintiff's involvement in a business enterprise. This time, Defendant Riggio offered Plaintiff the opportunity to invest in his existing company, Defendant ABT, whereby Plaintiff would pay a sum certain for the rights to a royalty interest in specific intellectual property owned by Defendant ABT.   The discussions concerning this transaction eventually evolved into the events described in Paragraph 17 below.

17.    On or about October 24, 2004, while acting in his professional, fiduciary capacity, Defendant Riggio persuaded Plaintiff to transfer to Defendant Riggio's personal

6

bank account the sum of £300,000 (approximately $580,000). In consideration of this payment, Defendant Riggio, as president of Defendant ABT, promised to provide to Plaintiff mentoring services for a five-year period, whereby he would help Plaintiff to grow his net worth to the sum of £100,000,000 (approximately $170,000,000). Defendant Riggio further promised to pay back the £300,000 without interest, instead, as consideration for the "loan", Defendant Riggio would provide the aforementioned services. This "loan" agreement ("Loan Agreement") was later reduced to writing. In or about November of 2004, just after receiving the wire transfer from Plaintiff, the frequency of contacts by Defendants to Plaintiff rose exponentially. Based upon information and belief, and upon various communications from Defendants, Defendants attempted at this time to extract more funds from Plaintiff.

18.    In or about January of 2005, after Plaintiff had communicated that he would give Defendants no more money, Defendant Riggio began a pattern of avoiding Plaintiff and making excuses for not being able to fulfill certain parts of the mentoring agreements (Paramdeep's Agreement and Keli's Agreement). Further, Defendant Riggio began refusing to return emails, and communicated his intent to only pay back the "loan" without interest. Instead of honoring his promise to work with Plaintiff for five years, helping him to reach certain personal and professional goals, he would only perform what was committed to writing with respect to the Loan Agreement, and the Loan Agreement only.

19.    At all times relevant to this lawsuit, Defendant Riggio was the president of Defendant ABT. All conditions subsequent to filing this lawsuit have been met.

## CAUSES OF ACTION AND RELIEF SOUGHT

20.     Declaratory Judgment.  Plaintiff incorporates herein paragraphs 11 through 19 above.  Plaintiff seeks a declaration of the contractual rights and liabilities of the parties under Paramdeep's Agreement, Keli's Agreement, and the Loan Agreement, all made the subject of this action in accordance with the Uniform Declaratory Judgments Act, Chapter 37 of the Civil Practice and Remedies Code.  Specifically, Plaintiff seeks a declaration that Defendants, and each of them, breached each of the aforementioned agreements.

21.     Common Law Fraud.  Plaintiff incorporates herein paragraphs 11 through 19 above.  Defendants, and each of them, acting in concert and combination, made material misrepresentations of fact which were relied upon by Plaintiff to Plaintiff's harm and detriment, and, further, concealed material facts from Plaintiff to Plaintiff's harm and detriment.  Defendants, and each of them, knew said representations were false and knew that Plaintiff reasonably relied upon such false representations, said conduct amounting to the tort of common law fraud.  Plaintiff herein seeks from the Defendants, and each of them, all of his actual damages resulting from the common law fraud perpetuated by the Defendants, in concert and combination, as well as exemplary damages for the outrageous and tortious conduct by the Defendants.

22.     Deceptive Trade Practices.  Plaintiff herein incorporates paragraphs 11 through 19 above.  Defendants, and each of them, violated the Texas Deceptive Trade Practices and Consumer Practices Act, Bus. & Com. Code Sec. 17.41, et. seq. (hereinafter referred to as the "Act"), in that Defendants, and each of them, made, undertook, and committed false, misleading, or deceptive acts or practices in the product

8

of trade or commerce, including, but not limited to the false, misleading, or deceptive acts or practices:

(A)     representing that services have approval, characteristics, ingredients, uses, benefits, or quantities which they do not have, as provided under Section 17.46(b)(5) of the Act;

(B)     representing that services are of a particular standard, quality, or grade, if they are of another, as provided under Section 17.46(b)(7) of the Act;

(C)     representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, as provided under Section 17.46(b)(12) of the Act; and

(D)     failing to disclose information concerning services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction which the consumer would not have entered had the information been disclosed, as provided under Section 17.46(b)(23) of the Act.

23.     Breach of Contract.  Plaintiff herein incorporates paragraphs 11 through 19 above.  Defendants, and each of them, acting by and through their respective agents and representatives, breached Paramdeep's Agreement, Keli's Agreement, and the Loan Agreement to the harm and detriment of Plaintiff.  Plaintiff seeks all of his actual, direct, indirect, special, and consequential damages resulting from said breaches, as well as reasonable and necessary attorneys' fees as provided by law.

24.     Breach of Fiduciary Duty.  Plaintiff incorporates herein paragraphs 11 through 19 above.  Defendants, and each of them, owed a fiduciary duty to Plaintiff as a

9

Scanned on DEC 12, 2005

result of their respective positions as mentors, coaches, and teachers to Plaintiff. The conduct complained of herein by the Plaintiff constitutes a breach of said fiduciary duties. Plaintiff seeks all of his actual damages that naturally result from said breaches. Plaintiff herein seeks from Defendants, and each of them, all of his actual damages resulting from the breach of Defendants' fiduciary duties, as well as exemplary damages for the outrageous conduct by Defendants.

25.     Intentional Conspiracy to Defraud.  Plaintiff incorporates herein paragraphs 11 through 19 above. The Defendants, and each of them, agreed to join in concert and combination to knowingly and intentionally act to defraud Plaintiff. As a result of the intentional conspiratorial agreement and actions of the Defendants, and each of them, they knowingly and intentionally acted in concert to the foreseeable financial detriment and damage to Plaintiff.  Such agreement and joinder of conduct constitutes common law fraud, as well as the violation of statute, namely, the Texas Deceptive Trade Practices Act, set out with more particularity in paragraph 22 above, which is incorporated by reference hereto as if fully set out herein.  As a result of the conspiracy of action, the acts of each defendant are imputed to each other co-defendant, and each of them, in this action.

26.     Intentional Infliction of Emotional Distress.  Plaintiff incorporates herein paragraphs 11 through 19 above. The Defendants, and each of them, agreed to join in concert and combination to knowingly and intentionally act in an extreme and outrageous manner to cause Plaintiff severe emotional distress. Further, the purpose of causing said emotional distress was to cause Plaintiff to be in a weak state of mind, allowing Defendants to more easily succeed in their scheme to defraud Plaintiff.  Defendant's

actions were the proximate cause of Plaintiff's severe emotional distress, such actions amounting to the tort of intentional infliction of emotional distress. Plaintiff herein seeks from Defendants, and each of them, all of his actual damages resulting from the intentional infliction of emotional distress, as well as exemplary damages for the outrageous conduct by Defendants.

## ATTORNEYS' FEES

27.    Plaintiff seeks to recover all costs of court, expenses, and reasonable and necessary attorneys' fees pursuant to the applicable provisions of the Texas Deceptive Practices and Consumer Protection Act, Civil Practice and Remedies Code, and Uniform Declaratory Judgments Act, incurred in the prosecution of this cause, as well as the reasonable and necessary attorneys' fees incurred in any appeal therefrom.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that Defendants, and each of them, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendants, jointly and severally, for damages in an amount within jurisdictional limits of this Court, together with pre-judgment interest at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court, and such other and further relief to which Plaintiff may be entitled at law or in equity.

11

Respectfully submitted,

SLATER & KENNON, LLP

By: _____
        David G. Slater
Texas Bar No. 18481800
4807 Spicewood Springs Rd.
Building 2, Suite 240
Austin, Texas  78759
Tel. (512)472-2431
Fax. (512)472-0432
ATTORNEYS FOR PLAINTIFF
PARAMDEEP DHODY

 Sc____ DEC 21. 2005

Filed in The District Cour
of Travis County, Texas
on ____ 12-19-05
at ____ 11:52 p
Amalia Rodriguez-Mendoza, C-

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-05-004409**

PARAMDEEP DHODY

, Plaintiff

vs.

APPLIED BEHAVIORAL TECHNOLOGIES, INC. AND JOSEPH RIGGIO

, Defendant

TO:  JOSEPH RIGGIO
     BY SERVING THE TEXAS SECRETARY OF STATE
     1019 BRAZOS
     AUSTIN, TEXAS 78701

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on DECEMBER 13, 2005 in the 126TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, December 14, 2005.

REQUESTED BY:                              AMALIA RODRIGUEZ-MENDOZA
DAVID G SLATER                             Travis County District Clerk
4807 SPICEWOOD SPRINGS RD.                 Travis County Courthouse
AUSTIN, TX 78759                           1000 Guadalupe, P.O. Box 679003 (78767)
BUSINESS PHONE: (512)472-2431   FAX: (512) 472-0432   Austin, Texas 78701



By _Christina Mullin_

CHRISTINA MULLINS, Deputy

- - - -- - - -- - - - -- **R E T U R N** -- - -- - - -- - - - -- - --
Came to hand on the _16_ day of _December, 2005_ at _3.40_ o'clock _P_ M., and executed at
_1019 Brazos St. Austin, TX_ within the County of _Travis_ on the
_16_ day of _December, 2005_, at _4:22_ o'clock _P_ M., by delivering to the within named
_Lorena Bernal Receptionist_ , each in
person, a true copy of this citation together with the ORIGINAL PETITION accompanying pleading, having first attached such
copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

_Rev L C._
Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the
_16th_ day of _Dec_ 2005.

_Sharon M Schumacher_
Notary Public, THE STATE OF TEXAS

SHANNON M SCHUMACHER
Notary Public, State of Texas
My Commission Expires
APRIL 2 2006

_Rev L C._
_512-297-2997_
Printed Name of Server

_Travis_ County, Texas

D-1-GN-05-004409                    SERVICE FEE NOT PAID              D01 - 00103
☒ Original      ☐ Service Copy

0000000019

Scanned ... C 21 2005

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-05-004409**

Filed in The District Court
of Travis County, Texas
on ____12-16-05____
at ____11:52____ __O__ M.
Amalia Rodriguez-Mendoza, Clerk

PARAMDEEP DHODY

, Plaintiff

vs.

APPLIED BEHAVIORAL TECHNOLOGIES, INC. AND JOSEPH RIGGIO

, Defendant

TO:  APPLIED BEHAVIORAL TECHNOLOGIES, INC.
     BY SERVING THE TEXAS SECRETARY OF STATE
     1019 BRAZOS
     AUSTIN, TEXAS 78701

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on DECEMBER 13, 2005 in the 126TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, December 14, 2005.

REQUESTED BY:
DAVID G SLATER
4807 SPICEWOOD SPRINGS RD.
AUSTIN, TX 78759
BUSINESS PHONE: (512)472-2431     FAX: (512) 472-0432

AMALIA RODRIGUEZ-MENDOZA
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, Texas 78701



By _____
CHRISTINA MULLINS, Deputy

-- -- -- - -- - -- - -- - -- -- **R E T U R N** -- -- -- - -- - -- - -- - -- --

Came to hand on the _16_ day of _December_, _2005_ at _3:40_ o'clock _P_ M., and executed at _1019 Brazos St. Austin, TX_ within the County of _Travis_ on the _16_ day of _December_, _2005_, at _4:22_ o'clock _P_ M., by delivering to the within named _Lorena Bernal_ , each in person, a true copy of this citation together with the ORIGINAL PETITION accompanying pleading, having first attached such

copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

_____
Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the _16th_ day of _Dec_. _2005_.

_____
Notary Public, THE STATE OF TEXAS

SHANNON M. SCHUMACHER
Notary Public, State of Texas
My Commission Expires
APRIL 7 2007

_Raul Camacho_
_512-297-2997_
Printed Name of Server
_Travis_ County, Texas

**D-1-GN-05-004409**

SERVICE FEE NOT PAID

**D01 - 00101**

☒ Original        ☐ Service Copy

ecc00000

Scanned on JAN 06, 2006



# The State of Texas

## Secretary of State

Filed In The District
of Travis County, Texas
on_____1-5-06_____
at_____2:11_____ P.M.
Amalia Rodriguez-Mendoza, Clerk

2006-115833-1

I, the undersigned, as Secretary of State of Texas DO HEREBY CERTIFY that according to the records of this office, a copy of the Citation with Plaintiff's Original Petition in the cause styled:

> Paramdeep Dhody vs Applied Behavioral Technologies Inc and Joseph Riggio
> 126th Judicial District Court Of Travis County, Texas
> D1GN05004409

was received by this office on December 16, 2005, and that a copy was forwarded on December 22, 2005, by CERTIFIED MAIL, return receipt requested to:

> Applied Behavioral Technologies Inc
> PO Box 26
> Ridgewood, NJ 07451

The RETURN RECEIPT was received in this office dated December 29, 2005, bearing the Signature Of Addressee's Agent.



Date issued: January 2, 2006

Roger Williams
Secretary of State

ST\lsv

Filed In The District
of Travis County. Texas
on_____1-9-06_____
at_____12:52 P._____M.
Amalia Rodriguez-Mendoza Clerk

**CAUSE NO. GN, 504,409**

| | | |
|---|---|---|
| PARAMDEEP DHODY | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| V. | § | 126TH JUDICIAL DISTRICT |
| | § | |
| APPLIED BEHAVIORAL TECHNOLOGIES, | § | |
| INC. AND JOSEPH RIGGIO, | § | |
|     Defendants. | § | OF TRAVIS COUNTY, TEXAS |

## CERTIFICATE OF LAST KNOWN ADDRESS

Plaintiff Paramdeep Dhody certifies that the last known mailing address of Defendant Applied Behavioral Technologies, Inc. is as follows:

Applied Behavioral Technologies, Inc.
P.O. Box 26
Ridgewood, NJ 07451

Respectfully submitted,

SLATER & KENNON, LLP

By: _____
David G. Slater
Texas Bar No. 18481800
Adam Pugh
Texas Bar No. 24044341
4807 Spicewood Springs Rd.
Building 2, Suite 240
Austin, Texas 78759
Tel. (512)472-2431
Fax. (512)472-0432
ATTORNEYS FOR PLAINTIFF
PARAMDEEP DHODY

000019718

1

Scanned on JAN 09, 2006

## CERTIFICATE OF SERVICE

I certify that on January 9th, 2006, a true and correct copy of this Certificate of Last Known Address was sent by mail to the following:

Applied Behavioral Technologies, Inc.
P.O. Box 26
Ridgewood, NJ 07451

Adam Pugh

DC Civil        BK06012 PG150

Filed in The District Court
of Travis County, Texas
on _____ 1-9-06
at _____ 1:37 P. _____ M.
Amalia Rodriguez-Mendoza, Clerk

**CAUSE NO. GN, 504,409**

| | | |
|---|---|---|
| PARAMDEEP DHODY | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | 126TH JUDICIAL DISTRICT |
| | § | |
| APPLIED BEHAVIORAL TECHNOLOGIES, | § | |
| INC. AND JOSEPH RIGGIO, | § | |
| Defendants. | § | OF TRAVIS COUNTY, TEXAS |

## DEFAULT JUDGMENT

At the hearing on this cause, Plaintiff appeared through his attorney of record. Defendant, Applied Behavioral Technologies, Inc. although duly cited to appear and answer herein, has failed to file an answer within the time allowed by law.

The Court has considered the pleadings and records on file in this cause and the evidence and is of the opinion that a judgment should be rendered for Plaintiff.

The Court, being of the opinion that the Defendant, Applied Behavioral Technologies, Inc., has by their default admitted the allegations of Plaintiff's Original Petition and that the causes of action sued on are not liquidated, makes the following orders:

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that each and all of the material allegations of Plaintiff's Original Petition be and the same are deemed admitted as to Defendant Applied Behavioral Technologies, Inc.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiff Paramdeep Dhody recover over and against Defendant Applied Behavioral Technologies, Inc. a sum to

1

DC Civil        BK06012 PG151

be determined at the final trial of this cause with respect to the following causes of action set forth in Plaintiff's Original Petition:

   a.  Common law fraud;

   b.  Breach of contract;

   c.  Deceptive Trade Practices;

   d.  Breach of fiduciary duty; and

   e.  Intentional infliction of emotional distress.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiff Paramdeep Dhody shall recover over and against Defendant Applied Behavioral Technologies, Inc., the sum of at least $7,500.00, as a money judgment, as reasonable and necessary attorney's fees in this cause thus far, and such other fees as shall be determined at the time of the final trial in this cause.

SIGNED this _9_ day of _____, 2006.


_____
JUDGE PRESIDING

2

D-1-CP-06-000001



520    PMT:COPY CERTIFIED FEES                    $10.00